## SOUTHERN ENERGY, LIMITED, et al. v. FLORIDA DEPARTMENT OF GENERAL SERVICES, etc., et al.

### Case No. 84-3495

Second Judicial Circuit, Leon County

March 20, 1985

### APPEARANCES OF COUNSEL

**DuBose Ausley** for Southern Energy Limited.

**Amy M. Jones** for Department of Health and Rehabilitative Services.

**James A. Peters**, Florida Dept. of Legal Affairs, for Attorney General's Office.

**Susan B. Kirkland** for Department of General Services.

### OPINION OF THE COURT

CHARLES D. McCLURE, Circuit Judge.

This cause came on for hearing Friday, March 1, 1985, both parties being present and represented by counsel; the Court after hearing the

arguments of counsel, reviewing the memoranda and being otherwise advised in the premises hereby finds that although the agreement between the parties to this cause contained "subject to appropriations" language, the Florida Supreme Court's holding in *Pan-Am Tobacco Corp. v. Department of Corrections*, 9 F.L.W. 73 (Fla. March 1, 1984), controls this case. There the Court held:

> As a matter of law, the state must be obligated to the private citizen or the legislative authorization for such action is void and meaningless. We therefore hold that where the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract.

The Second District Court of Appeals has also imposed an obligation on a governmental entity to honor its contractual duties. In the case of *Interair Services, Inc. v. Insurance Company of North America*, 375 So.2d 317 (Fla. 2d DCA 1979), Pinellas County was held liable for damages caused by its breach of contract. The Court utilized the doctrine of fairness and pointed to the statute expressly empowering counties to contract to lease airport facilities to private parties and to assume maintenance of the hangars, and held sovereign immunity as to enforcement of the contract's provisions. That Court stated:

> Where the state has lawfully entered into a business contract with an individual, the obligations and duties of the contract should be mutually binding and reciprocal. There is no mutuality—or fairness —where a state or a county can enter into an advantageous contract and accept its benefits but refuse to perform its obligations. Particularly, as here, where the contract and the obligations are expressly authorized by statute.

Based on the foregoing discussion, the Court finds that the letter of the law favors the Defendants Florida Department of General Services, and Florida Department of Health and Rehabilitative Services. However, the facts of this case warrant that, as neither of the aforementioned Defendants nor the legislature have demonstrated any exigent financial conditions, recession, depression, or other crises justifying the legislative appropriation for less than the amount specified in the contract, equity should be invoked, and the finder of fact should be left to decide whether the Defendants should be liable for damages caused by the breach of contract.